IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

COREY HERNANDEZ, et al.,        )
                                )
            Plaintiffs,         )
                                )
vs.                             )   Case No. 07-0726-CV-W-ODS
                                )
TEXAS CAPITAL BANK, N.A.,       )
                                )
            Defendant.          )

<u>ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOTION TO
TRANSFER VENUE</u>

Pending before the Court is Defendant's Motion to Transfer Venue (Doc. # 13). For the following reasons, Defendant's motion is granted in part and denied in part.

<u>I. BACKGROUND</u>

Defendant Texas Capital Bank, N.A. ("TCB") is a commercial bank headquartered in Dallas, Texas, that delivers financial services to primarily Texas-based businesses and private individuals. In 2003, TCB opened a new line of business to offer mortgages in the residential market. To launch this new business–the Residential Mortgage Lending ("RML") Group–TCB contractually hired individuals and small teams of mortgage lenders in several states. These individuals and teams created a TCB network under the supervision of various Retail Branch Managers and Net Branch Managers overseeing Loan Officers in TCB's RML business unit. RML eventually operated in 24 states. In 2007, TCB decided to eliminate its RML business. As a result, support staff, Loan Officers, and Branch Managers were relieved of their TCB employment.

Plaintiffs bring this collective action on behalf of themselves and on behalf of all others similarly situated, alleging TCB deliberately fails to pay its employees their earned wages and overtime compensation in violation of the Fair Labor Standards Act

("FLSA"). The named Plaintiffs include three former Branch Managers and five former Loan Officers that worked at TCB branch offices located throughout the country, including in Kansas, Missouri, and Oklahoma. Additionally, Plaintiff Corey Hernandez ("Hernandez"), one of TCB's Net Branch Managers, also asserts a breach of contract claim against TCB.

When Hernandez, and presumably the other named Branch Manager Plaintiffs,[1] joined TCB, they executed a Branch Manager Agreement ("Agreement"). The Agreement contains a forum selection clause stating:

> In the event a court of competent jurisdiction determines that the arbitration provisions of this Agreement do not cover any dispute arising out of this Agreement or involving these parties, then the parties agree to submit themselves to the jurisdiction of the courts of the State of Texas, venue in Dallas County.

In its pending Motion, TCB seeks to transfer the venue of this action under 28 U.S.C. § 1404(a) pursuant to the forum selection clause contained in the Agreement signed only by the Net Branch Managers.

## II. DISCUSSION

Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Accordingly, the Court must first determine whether the action "might have been brought" in the transferee court. If the answer is yes, then the Court must consider whether "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice" weigh in favor of a transfer. Terra Int'l, Inc. v. Miss. Chem.

---

[1] It is not entirely clear, based on the parties' filings, whether the named "Branch Manager" Plaintiffs, other than Hernandez, were also "Net Branch Managers" and/or whether they were also signatories to the same or similar Agreement containing the forum selection clause. Plaintiffs have not denied that each Branch Manager Plaintiff signed an agreement containing the forum selection clause; presumably they would have done so if this were not the case.

2

Corp., 119 F.3d 688, 691 (8th Cir. 1997). The Court, however, "is not limited to only those considerations," but rather, "transfer determinations require a case-by-case evaluation of the particular circumstances at hand." Id. (internal quotations omitted).

For instance, federal courts must give significant weight to contractual forum selection clauses when considering the convenience and interests of justice factors. Specifically, "a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus [to transfer venue].'" Id. (quoting Steward Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006).[2]

Plaintiffs could have originally brought this action in Dallas, Texas, where TCB is headquartered. Subject matter jurisdiction vests under the FLSA in any federal court of competent jurisdiction. See 28 U.S.C. § 1391(c). TCB is subject to personal jurisdiction because of its presence in Dallas, Texas, so Plaintiffs could have filed suit there. Accordingly, the first element required for transfer under 28 U.S.C. § 1404(a) is satisfied.

*A. Branch Manager Plaintiffs*

In arguing against transfer, Plaintiffs maintain that there is no mandatory forum selection clause applicable to either the FLSA claims or the individual breach of contract claim. As previously stated, the forum selection clause contained in the Branch Managers' Agreement reads:

---

[2] Although there is some disagreement over whether the validity of forum selection clauses is a question of federal or state law, there is agreement that the federal standard will apply if the states involved all follow the federal standard. Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006). Both Texas, Phoenix Network Techs. v. Neon Sys., Inc., 177 S.W.3d 605, 613-614 (Tex. App. 2005), and Missouri, High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo. 1992) (en banc), have adopted the federal standard.

3

> In the event a court of competent jurisdiction determines that the arbitration provisions of this Agreement do not cover any dispute arising out of this Agreement or involving these parties, then the parties agree to submit themselves to the jurisdiction of the courts of the State of Texas, venue in Dallas County.

The Agreement, however, contains no arbitration provisions. Plaintiffs argue, therefore, that no court of competent jurisdiction can make a determination about whether the "arbitration provisions" of the Agreement cover the dispute. Arguing that such a determination is a "condition precedent" to the applicability of the forum selection clause, Plaintiffs claim the clause is invalid. The Court disagrees. Rather, because there are no arbitration provisions in the Agreement, the Court can determine that this dispute is not subject to arbitration. Because it is not subject to arbitration, the forum selection clause states that the proper venue is Dallas, Texas.

The forum selection clause is valid, so to avoid transfer Plaintiffs must show that it would be unreasonable to enforce it. See Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001) ("Since it may be assumed that parties consider the inconvenience of the forum at the time they enter a contract, it is 'incumbent on the party seeking to escape his contract to show that [proceeding] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" (quoting M/S Bremen, 407 U.S. at 18)). "[I]nconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999). Plaintiffs make no argument that transferring the case to Dallas, Texas would deprive them of their day in court. The inconvenience Plaintiffs would incur from litigating in Texas does not appear to be any greater than the inconvenience TCB would experience if the case remains in Missouri. Accordingly, Plaintiffs have not shown that it would be unreasonable to enforce the valid forum selection clause contained in the Agreement.

Plaintiffs next contend that even if a valid forum selection clause exists, it is only applicable to Plaintiff Hernandez's breach of contract claim. Plaintiffs' position is not

well taken. The forum selection clause applies not only to any dispute "arising out of" the Agreement, but also to any dispute "involving these parties." Accordingly, any claim brought by any Plaintiff that signed an agreement containing this forum selection clause is bound by it. This includes the FLSA claims of all the Branch Manager Plaintiffs[3] as well as the breach of contract claim brought by Branch Manager Plaintiff Hernandez.

*B. Loan Officer Plaintiffs*

Only three of the named Plaintiffs actually signed the Agreement containing the forum selection clause. However, TCB argues that even those Plaintiffs not subject to the Branch Manager Agreement should be bound by the forum selection clause. "A non-party will be bound to a forum selection clause where the non-party is so closely related to the dispute that it becomes foreseeable that it will be bound." U.S., ex rel. Lighting and Power Servs., Inc. v. Interface Const. Corp., No. 4:07-CV-1144-DDN, 2007 WL 2710030, at *6 (E.D. Mo. Sept. 11, 2007) (citing Marano Enters. of Kan. v. Z-Teca Restaurants L.P., 254 F.3d 753, 757 (8th Cir. 2001)). However, "'[c]ases applying the closely related test have almost exclusively involved suits brought by plaintiffs who are bound by a clearly common interest'-such as a corporation and its subsidiary, spouses, and closely affiliated companies." Id. (quoting Employers Ins. Co. of Wausau v. Equitas Holdings Ltd., 451 F. Supp. 2d 1012, 1024 (W.D. Wis. 2006)).

TCB contends that because the Loan Officer Plaintiffs have not sought to voluntarily dismiss their claims or pursue them separately, they are voluntary plaintiffs bound by the Branch Managers' forum selection clause. The Court disagrees. The Loan Officer Plaintiffs did not sign the Agreement and they are not seeking to enforce rights under the Agreement. Accordingly, they had no reason to foresee that by asserting claims under the FLSA, they would be bound by a forum selection clause

---

[3] Again, the Court is assuming that each Branch Manager Plaintiff signed an agreement containing the same forum selection clause. TCB has alleged this to be so and Plaintiffs have not refuted it.

5

contained in the employment agreements signed by the Branch Managers.[4]

Without a forum selection clause weighing in favor of transfer, TCB has a much heavier burden to show that the Loan Officers' claims should also be transferred. "A change of venue, although within the discretion of the district court, should not be freely granted." Employers Reinsurance Corp. v. Massachusetts Mut. Life Ins. Co., No. 06-0188-CV-W-FJG, 2006 WL 1235957, at *1 (W.D. Mo. May 4, 2006). "Where the balance of the relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied." Houk v. Kimerberly Clark Corp., 613 F. Supp. 923, 927 (W.D. Mo. 1985). The Eighth Circuit looks to several factors in assessing a motion to transfer venue. The factors implicated by this case are the plaintiff's choice of forum; the convenience of the parties; the convenience of the witnesses; relative ease of access to sources of proof; and practical considerations indicating where the case can be tried more quickly and inexpensively. See id.

The plaintiff's choice of forum should be given great weight, "particularly where the plaintiff is a resident of the judicial district where the suit is brought." Employers Reinsurance Corp., 2006 WL 1235957, at *1 (citing Houk, 613 F. Supp. at 927). Here, all of the Plaintiffs reside in or near this District. TCB argues that Plaintiffs' choice of forum should be given less weight because of the possibility that, as a collective action, numerous plaintiffs will have widely divergent places of residence. See, e.g., Berenson v. Nat'l Fin. Servs., LLC, 319 F. Supp. 2d 1, 3-4 (D.D.C. 2004) (stating that a plaintiff's choice of forum is entitled to less weight in a class action suit in which potential plaintiffs reside throughout the country). However, Plaintiffs point out that the "opt-in" nature of a collective action brought under the FLSA is different than a traditional class action where plaintiffs must opt-out. Courts have noted that this opt-in structure "suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA

---

[4] TCB also argues that because Plaintiffs claim to be "similarly situated" for purposes of bringing a collective action, they all should be bound by the forum selection clause. This argument is also unavailing. The fact that all Plaintiffs claim violations of the FLSA does not make it foreseeable to non-signatories to the Agreement that they could be bound by it.

6

action." Onyeneho v. Allstate Ins. Co., 466 F. Supp. 2d 1, 6 n.2 (D.D.C. 2006). Accordingly, the Court will give the Loan Officer Plaintiffs' choice of forum significant weight.

The other factors do not weigh substantially in favor of transfer. "[A] transfer which would merely shift the inconvenience from one party to another should not be granted." Houk, 613 F. Supp. at 928. Either TCB's representatives will be forced to travel to Missouri or the three Loan Officer Plaintiffs will be forced to travel to Texas. TCB argues that key third-party witnesses are not under the subpoena power of this Court, warranting transfer to Texas. However, this argument does not necessarily weigh in favor of transfer, because it "merely assumes that the witnesses in question would not appear voluntarily at a trial in Missouri."[5] Id. at 931. Both parties have documentary evidence that would have to be transported to the situs of trial. TCB can review the documents in Dallas and ship the probative ones here for trial at a relatively minor cost. See Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992). Both venues have an interest in the case; many of the decisions and actions giving rise to the claims occurred in Texas, yet TCB operated branch locations in Missouri, employing Missouri residents. Accordingly, TCB has not persuaded the Court that the Loan Officer Plaintiffs' claims should be transferred.

### III. CONCLUSION

For the foregoing reasons, TCB's motion to Transfer Venue is granted in part and denied in part. The Branch Manager Plaintiffs are hereby severed; their case will be transferred to the Northern District of Texas, Dallas Division. The claims of the Loan Officer Plaintiffs will remain in this Court.[6]

---

[5] Additionally, the option of securing a witnesses' testimony through the discovery process, including video-taped deposition, is a viable alternative to live testimony at trial.

[6] Plaintiffs' proposed collective action has "two discrete subparts of similarly situated employees: branch managers and loan officers." Complaint at ¶ 39.

7

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: February 5, 2008                 UNITED STATES DISTRICT COURT